**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

AIMEE SANDERS,

    Plaintiff,

v.

PARKER EMERSON,

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant Parker Emerson, by and through his attorneys, SHERMAN & HOWARD L.L.C., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notifies the Court of the removal of *Aimee Sanders, Plaintiff v. Parker Emerson* Case No. 2022CV30112 from Boulder County District Court to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

**INTRODUCTION**

1. On or about February 20, 2022, Plaintiff initiated this action by filing her Complaint in Boulder County District Court, Case No. 2022CV30112 ("State Action"). See the Register of Actions attached hereto as **Exhibit A**, and Complaint attached hereto as **Exhibit B**).

2. In the State Action, Plaintiff asserts monetary damage claims against Defendant for Invasion of Privacy by Intrusion, Invasion of Privacy by Public Disclosure of Private Facts, Extreme and Outrageous Conduct IIED, and Negligence.

3. This matter arises from Defendant's alleged sharing of intimate photographs of Plaintiff to Plaintiff's attorney.

## COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. On March 9, 2022, Plaintiff served Defendant at his employment in the State of Texas. See Affidavit of Service of **Exhibit C** attached hereto.

6. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is, therefore, timely pursuant to 28 U.S.C. §§ 1441 and 1446 (b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446 (a) and D.C.Colo.LCivR 81.1. This includes a true and correct copy of the state court docket, which includes all state court pleadings and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of Plaintiff's Summons is attached hereto as **Exhibit D,** along with the Civil Case Cover Sheet attached hereto as **Exhibit E,** and the Complaint attached hereto as **Exhibit B.**

9. Pursuant to 28 U.S.C.§1446 (b), a copy of this Notice of Removal is being served on counsel for Plaintiff.

10. Pursuant to 28 U.S.C. §1446 (d), Defendant will concurrently file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2022CV30112, Boulder County District Court, State of Colorado.  A copy of the Entry of Appearance

and Notice of Filing of Notice of Removal to be filed with the Boulder District Court are attached hereto as **Exhibits F and G respectively.**

11.  Pursuant to D.C. Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12.  Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleadings at the time prescribed herein, and specifically reserves his right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13.  Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14.  Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.00.

**I.  The Parties are Citizens of Different States.**

15.  Plaintiff is a resident of the State of Colorado.  Defendant does not have her current address.  *See* **Exhibit B,** Plaintiff's Complaint wherein it is stated in Paragraph 4 that she is a resident of Larimer County, Colorado although the required address is stated as "Withheld for security reasons."

16.  Defendant is a resident of the State of Texas with his principal address as 1413 Grassy Knoll Trail, Aubrey, TX 76227.

17.  For purposes of federal diversity jurisdiction, the parties are completely diverse.

## II.  The Amount in Controversy Exceeds $75,000.00.

18.  While not waiving Defendant's right to contest the issues, Plaintiff seeks monetary judgment in excess of $100,000.00, exclusive of interest and costs pursuant to the District Court Civil Case Cover Sheet filed in the state case.  *See* District Court Civil Case Cover Sheet of **Exhibit D.**

19.  If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332 (a), "the sum demanded in good faith in the initial pleadings shall be deemed to be the amount of controversy." 28 U.S.C. §1446(c)(2).

20.  In determining the amount in controversy, a court may look to the object sought to be accomplished by the Plaintiff's Complaint.  *Ronzio v Denver & R.G.W.R. Co.,* 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce."  *Id; see also, McPhail v Deere & Company,* 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

21.  Pursuant to C.R.C.P. 8(a), each pleading containing an initial claim for relief in a civil action "shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing."  The Civil Case Cover sheet requires a plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.  *See* C.R.C.P. 8(a) at Form JDF 601.

22. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1;446 (b)(3)." *See Paros Properties, LLC v. Colorado Casualty Insurance Co.,* 835 F.3d 1264, 1272-1273 (10th Cir. 2016). The Tenth Circuit Court of Appeals has observed:

> At least one federal district judge in Colorado has determined that the cover sheet if notice that starts the removal clock… We think that view is sound; There is no ambiguity in the cover sheet. And we see no reasons not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

*Id. (citing Henderson v Target Stores, Inc.,* 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006).

23. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

24. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant requests that the action now pending in the District Court, Boulder County, Case No. 2022CV30112, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Dated at Colorado Springs, Colorado, this 8th day of April, 2022.

                SHERMAN & HOWARD, L.L.C.

                s/ Richard Bednarski
                Richard Bednarski #31157
                SHERMAN & HOWARD L.L.C.
                90 S. Cascade Avenue, Suite 1500
                Colorado Springs, Colorado 80903
                Telephone: (719) 448-4084
                E-mail: rbednarski@shermanhoward.com
                Attorneys for Defendant Parker Emerson

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022, I sent a copy of the **NOTICE OF FILING OF STATE COURT RECORDS PURSUANT TO 28 U.S.C. § 1446 (a) and D.C. Colo.L.Civ.R 81.1** to the following parties via E-filing:

Ian T. Hicks
THE LAW OFFICE OF IAN T. HICK LLC
Attorneys for Plaintiff
E-mail: ian@ithlaw.com

*s/Cindy Roddy*
_____
Printed Name: Cindy Roddy, Paralegal