IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00852

AIMEE SANDERS,

    Plaintiff,

v.

PARKER EMERSON,

    Defendant.

---

**ANSWER, COUNTERCLAIMS AND JURY DEMAND**

---

Defendant Parker Emerson by and through his attorneys, SHERMAN & HOWARD L.L.C., hereby answers Plaintiff's Complaint as follows:

### I. NATURE OF THE CASE

1. Defendant admits the allegation that Plaintiff is the mother and Defendant is the father of a minor daughter. Defendant denies any and all other allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies all allegations in Paragraph 3.

### II. PARTIES, JURISDICTION, AND VENUE

4. Defendant admits the allegations that Plaintiff is a resident of Larimer County, Colorado, and that she is the biological mother of a two-year old daughter who was fathered by Defendant. Defendant denies any and all other allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

### III. GENERAL ALLEGATIONS

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 12.

13. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 28.

29. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 28.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 40.

41. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 41.

42. Defendant is without sufficient information to admit or deny, so he therefore denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

### IV.   CLAIMS FOR RELIEF

#### First Claim for Relief – Invasion of Privacy by Intrusion

45. Defendant admits and denies the allegations and references as set out in Paragraphs 1 through 44 above.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

#### Second Claim for Relief – Invasion of Privacy by Public Disclosure of Private Facts

49. Defendant admits and denies the allegations and references as set out in Paragraphs 1 through 44 above.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant denies the allegations of Paragraph 53.

#### Third Claim for Relief – Extreme and Outrageous Conduct IIED

54.   Defendant admits and denies the allegations and references as set out in Paragraphs 1 through 53 above.

55.   Defendant denies the allegations of Paragraph 55.

56.   Defendant denies the allegations of Paragraph 56.

57.   Defendant denies the allegations of Paragraph 57.

58.   Defendant denies the allegations of Paragraph 58.

### Fourth Claim for Relief – Negligence

59.   Defendant admits and denies the allegations and references as set out in Paragraphs 1 through 44 above.

60.   Defendant denies the allegations of Paragraph 60.

### AFFIRMATIVE DEFENSES

A.   Plaintiff's Complaint fails to state claims upon which relief can be granted.

B.   Plaintiff has failed to mitigate her damages.

C.   Plaintiff claims are barred, in whole or in part, because any alleged damages were caused in whole or in part by Plaintiff's own actions over which Defendant had no control or right of control.

D.   Plaintiff is not entitled to her request for damages for extreme and outrageous conduct.

E.   Plaintiff's Complaint is barred in whole or in part by the doctrine of unclean hands.

F.   Plaintiff's claims are barred by the statute of limitations.

Defendant respectfully requests the right to amend this Answer in the future to add or withdraw affirmative defenses as discovery reveals facts sufficient or insufficient to support a well-grounded basis for such defenses.

## COUNTERCLAIMS

Defendant Parker Emerson (hereinafter "Counterclaim Plaintiff Emerson"), by and through his attorneys, SHERMAN & HOWARD, L.L.C. hereby states his Counterclaims against Plaintiff Aimee Sanders (hereinafter "Counterclaim Defendant Sanders") as follows:

### Nature of Counterclaims/General Allegations

1. Counterclaim Plaintiff Emerson and Counterclaim Defendant Sanders entered into a relationship in February 2018, as Counterclaim Defendant Sanders was involved in a very high conflict divorce from her now ex-husband Cody Sanders.

2. Early on, the relationship between the Counterclaim Plaintiff Emerson and Counterclaim Defendant became very tumultuous.

3. As a result of Counterclaim Plaintiff and Counterclaim Defendant's intimate relationship, their daughter was born on July 2, 2019.

4. Throughout the years since the parties met and began their relationship, Counterclaim Defendant Sanders has bombarded Counterclaim Plaintiff Emerson, law enforcement and the Courts in both Idaho and Colorado, with false allegations of violence and abuse against Counterclaim Plaintiff Emerson.

5. In September 2019, Counterclaim Defendant Sanders began a series of harassing, and hateful text messages to Counterclaim Plaintiff Emerson repeatedly stating: "I hate you."

6. In December 2019, the protection order from Idaho was modified to allow contact between the parties regarding their child and emergencies. All other contact was prohibited.

7. On December 21, 2019, Counterclaim Defendant Sanders falsely reported to the Timnath Colorado Police Department that Counterclaim Plaintiff Emerson violated the protection order by calling her multiple times on that day regarding her whereabouts and who dropped her off in a white GMC. She also falsely reported that she was scared Counterclaim Plaintiff was going to come to her house and hurt her or kill her. She also falsely accused Counterclaim Plaintiff of coming to her house and entering her house without her permission when she was not present 2 months prior. This was after she had communicated with Counterclaim Plaintiff Emerson less than 48 hours prior that their minor child "…had something happen. She was ok but I was worried.", which she failed to tell the police. In addition to other derogatory communications made to Counterclaim Plaintiff Emerson, she stated that she would do "everything" to keep him out of their minor child's life. This incident resulted in Counterclaim Plaintiff Emerson being arrested and charged with a criminal Violation of a Protection Order, which was later dismissed by the Larimer County District Attorney's Office on June 16, 2020 in the Larimer County Court.

8. In December 2019, Counterclaim Plaintiff Emerson moved to the state of Texas where he currently resides, exercising Court-ordered visitation with the parties' daughter.

9. On May 14, 2020, Counterclaim Defendant Sanders falsely re-reported to the Larimer County DA that she felt harassed that day in December 2019. As stated above, these allegations from December 2019 were investigated by the Larimer County District Attorney's office and they dismissed the charges in June 2020.

10. In late May 2020, Counterclaim Defendant communicated to Counterclaim Plaintiff Emerson's lawyer that she wanted to modify the criminal no contact order that had been put in place against Counterclaim Plaintiff Emerson.

11. In the months of June and July 2020, Counterclaim Defendant Sanders again began a series of harassing and hateful text messages to Counterclaim Plaintiff Emerson telling him repeatedly "I hate you."

12. In April, 2021, Counterclaim Defendant Sanders falsely reported to the Windsor Police Department that Counterclaim Plaintiff Emerson assaulted her by tossing their minor child's baby blanket to her at the drop off (which are made at the police station) and that he urinated on her vehicle and garage door with the letter "P". Counterclaim Defendant made these allegations in order to have Counterclaim Plaintiff arrested so he could not appear at a court appearance she had the next week related to her own criminal case and sealing of that case.

13. These allegations were investigated by the Windsor Police Department and through video evidence, the police were able to establish Counterclaim Plaintiff did

not throw the blanket at Counterclaim Defendant and that there was no evidence Counterclaim Plaintiff urinated on Counterclaim Defendant's property. Thus, Counterclaim Plaintiff was not charged with any criminal offenses.

14. In November 2021, during Counterclaim Plaintiff Emerson's deceased brother's wake, Counterclaim Defendant Sanders, who was in contempt of court, violated the parties' Court Parenting Plan and began calling him approximately ten times over a 30-minute period, and when he put one call on speaker in front of his family, she called him a psychopath to him and his family.

15. In March 2022, Counterclaim Defendant Sanders again falsely reported to the Windsor Colorado Police that she and Counterclaim Plaintiff Emerson had a history of domestic violence against her and their minor child. She further falsely reported that Counterclaim Plaintiff Emerson had previously choked her to unconsciousness in front of their minor child after he had beaten down a door with an axe. Finally, she falsely accused Counterclaim Plaintiff of speaking to her loudly and angrily at their child drop off on March 25 or 26, 2022, of waving to their minor child in a strange and aggressive manner, and he approaching her car imminently which scared her.

16. The Windsor Police Department investigated this alleged incident and no charges were filed against Counterclaim Plaintiff.

## First Counterclaim for Relief – Malicious Prosecution

17. Counterclaim Plaintiff Emerson hereby incorporates and restates as part of this Claim for Relief, the facts, allegations and claims in this Answer, Jury Demand and Counterclaim.

18.     Counterclaim Defendant Sanders' falsely reported (both verbally and in written form) violation of the Protection Order as set out in Paragraph 6 and 8 of the Counterclaim Nature of the Claim/General Allegations were made without probable cause and were motivated by malice, resulting in unwarranted criminal charges, with the criminal case being subsequently dismissed by the District Attorney in June 2020.

19.     Counterclaim Defendant Sanders complained to authorities not because she was in any danger nor being injured, but rather because of her unrelentless attempts to disrupt the Counterclaim Plaintiff Emerson's life and prevent him from having a healthy and emotionally unencumbered relationship with their daughter, thus seeking malicious prosecution for her own personal gain.

20.     As a direct and proximate result of Counterclaim Defendant Sanders' malicious prosecution, Counterclaim Plaintiff Emerson has and will continue to incur damages, both economic and non-economic, including but not limited to legal fees and costs to defend various criminal allegations and civil claims for damages, fines, bonds, lost time and income for preparing for court appearances, loss of quality time with his minor child, humiliation, loss of reputation, anxiety, mental anguish, embarrassment, indignity and public disgrace.

### Second Counterclaim for Relief – Defamation

21.     Counterclaim Plaintiff Emerson hereby incorporates and restates as part of this Claim for Relief, the facts, allegations and claims in this Answer, Jury Demand and Counterclaim.

22.     Counterclaim Defendant Sanders has intentionally, willfully and maliciously made false and defamatory verbal, electronic (e-mail and text messages), telephone discussions/voice mails regarding being harassed and/or physically assaulted, to Counterclaim Plaintiff Emerson, his family, friends, business associates, and to various members of the Tinmath and Windsor Police Departments and Larimer County Court and Larimer County District Attorney's Office.

23.     Counterclaim Defendant Sanders made false and defamatory assertions with the calculated intent to harm Counterclaim Plaintiff Emerson and his reputation, knowing they were false or in reckless disregard to the truth.

24.     As a direct and proximate result of Counterclaim Defendant Sanders' repeated false and defamatory assertions, Counterclaim Plaintiff Emerson has and will continue to incur damages, both economic and non-economic, including but not limited to legal fees and costs to defend various criminal allegations and civil claims for damages, fines, bonds, lost time and income for preparing for court appearances, loss of quality time with his minor child, humiliation, loss of reputation, anxiety, mental anguish, embarrassment, indignity and public disgrace.

**Third Counterclaim for Relief – Defamation *per se***

25.     Counterclaim Plaintiff Emerson hereby incorporates and restates as part of this Claim for Relief, the facts, allegations and claims in this Answer, Jury Demand and Counterclaim.

26.     Counterclaim Defendant Sanders has intentionally, willfully and maliciously made various false and defamatory verbal, electronic (e-mail and text

messages), telephone discussions/voice mails regarding being harassed and/or physically assaulted, or that he physically abused their minor child, to Counterclaim Plaintiff Emerson, his family, friends, business associates, and to various members of the Tinmath and Windsor Police Departments, Larimer County Court and Larimer County District Attorney's Office.

27. These false and defamatory statements by Counterclaim Defendant Sanders are *per se* injurious because they accuse Counterclaim Plaintiff of criminal activities and misconduct, including domestic violence, assault, and harassment.

28. The nature of Counterclaim Defendant Sander's false and defamatory statements have permanently injured Counterclaim Plaintiff Emerson's personal and business reputation, and the statements are so severe that malice and actual damages are presumed.

29. As a direct and proximate result of Counterclaim Defendant Sanders' repeated false and defamatory assertions which constitute defamation *per se*, Counterclaim Plaintiff Emerson has and will continue to incur damages, both economic and non-economic, including but not limited to legal fees and costs to defend various criminal allegations and civil claims for damages, fines, bonds, lost time and income for preparing for court appearances, loss of quality time with his minor child, humiliation, loss of reputation, anxiety, mental anguish, embarrassment, indignity and public disgrace.

## JURY DEMAND

Defendant requests a trial by jury on all claims and counterclaims herein.

Respectfully submitted this 26th day of April 2022.

            SHERMAN & HOWARD, L.L.C.

            *s/Richard Bednarski*
            Richard Bednarski, Esq. (#31157)
            90 S. Cascade Avenue, Suite 1500
            Colorado Springs, Colorado 80903
            Telephone: (719) 448-4084
            E-mail: rbednarski@shermanhoward.com
            *Attorneys for Defendant Parker Emerson*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 26, 2022, I sent a copy of the Answer ,

Counterclaims and  Jury Demand to the following via E-filing:

Ian T. Hicks
THE LAW OFFICE OF IAN T. HICKS LLC
*Attorneys for Plaintiff*
E-mail: ian@ithlaw.com

            *s/Cindy Roddy*
            Cindy Roddy, Paralegal